IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: SHARON CALDER

No. CIV 98-696 MV/LFG

SHARON CALDER,

Bankruptcy No. 7-97-14721 RR
Adversary No.

        Plaintiff,

vs.

TURNER & SEEFELD, P.C.,

        Defendant.

BILL J. SHOLER,

        Trustee.

## **MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

THIS MATTER is before the Court on appeal from an order entered by the Bankruptcy Court denying the debtor Sharon Calder's attempt to exempt certain property from the claims of her own listed creditors. The property at issue is insurance death proceeds in the sum of three- hundred thousand dollars. She received the proceeds following the death of her husband.

An examination of the briefs and record on appeal discloses that oral argument is not necessary. The matter may be decided based on the parties' submissions.

### **Background**

The debtor, Sharon Calder, was married to Coyt Calder. The couple used the accounting services of Turner & Seefeld, P.C. for their own personal accounting needs and for their corporation.

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

The types of services provided included tax advice, the preparation of financial statements, preparation of tax returns and bookkeeping services. Coyt Calder purchased a life insurance policy that named his spouse as beneficiary. Coyt Calder died on October 27, 1996. Upon his death, Sharon Calder was paid three-hundred thousand dollars in death insurance proceeds.

Following Coyt Calder's death, a declaratory judgment action was filed in state court, seeking a declaration concerning debts owed by Coyt Calder, including the debt owed to Turner & Seefeld. The accounting company objected, so the amount owed was not identified as a separate debt. It is undisputed that the debt was a community debt.

In August 1997, Sharon Calder filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Mexico. As part of her filing, she identified the death insurance proceeds as an asset and she listed, as a separate debt, the monies owed to Turner & Seefeld. She did not identify a co-debtor, such as her dead husband. Sharon Calder claimed that the proceeds were exempt under § 42-10-5.[2] Turner & Seefeld objected to the claimed exemption on the ground that while the statute protects insurance proceeds from being used to pay the debts of the decedent, it does not protect the monies from being used to pay the beneficiary's creditors.

The Chapter 7 Trustee approved the exemption and Turner & Seefeld objected. The parties submitted the matter on briefs. The Bankruptcy Court sustained the objection on the ground that the schedules prepared by the debtor, which identified the debt as her own debt controlled and were determinative. This appeal follows.

---

[2]The exemption provides that proceeds of life insurance are not subject to the debts of the deceased, except by special contract or arrangement to be made in writing.

## Standard of Review

On appeals from rulings issued by the United States Bankruptcy Court, the standard of review is as follows:

> The district court functions as an appellate court and may affirm, reverse or modify the bankruptcy court's ruling on remand for further proceedings. Fed. R. Bankr. P. 8013. The district court may examine the bankruptcy court's conclusions of law *de novo*.

*In re Mullet,* 817 F.2d 677, 679 (10th Cir. 1987). However, the Bankruptcy Court's findings of fact must be upheld unless they are clearly erroneous. *Id.* at 678. The "clearly erroneous" standard contemplates reversal where "although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573-574 (1985)(citations omitted). Thus, where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. *In re Stanton*, 136 BR 562, 563 (D. Kan. 1992).

Sharon Calder argues that the Bankruptcy Court erred in finding that she was not entitled to claim the three-hundred thousand dollars as exempt, since the monies are death proceeds. Turner & Seefeld counter that the plain language of the exemption statute makes clear that the protection goes only to preserve the monies from payment of debts of the deceased and that it does not shield the money from the beneficiary's creditors. Turner & Seefeld contend that this is particularly true in a situation, such as here, where Sharon Calder identified the indebtedness as her own. Turner & Seefeld further argue that she became jointly and severely liable for the community debt, since she did not list a co-debtor or the estate as being responsible for payment. In support of this position, Turner & Seefeld cite a case from Connecticut, *Klebanoff v. Mutal Life Ins. Co. of New York*, 246

3

F. Supp. 935, 942 (D. Conn. 1965), for the proposition that the exemption claimed protects the beneficiary from the claims of the insured's creditor's only, it does not exempt the insurance from the claims of the beneficiary's creditors. Turner & Seefeld state that the monies it seeks to recover are those owed by Sharon Calder for professional services rendered.

There are no New Mexico cases interpreting the exemption. However, Chief Judge Mark McFeeley in *In re Floyd Lee Schrock*, 119 BR 808 (Bank. D. N.M. 1990) examined § 42-10-3, Life Insurance Benefits. In *Schrock*, a debtor who filed for bankruptcy, inherited life insurance proceeds following his parent's death. His creditors sought to obtain the proceeds and the court held that this could not be done. Although the exemption statutes are different, what is equally applicable here is Judge McFeeley's thoughtful analysis and well-reasoned observation that, under New Mexico law, insurance policy proceeds are exempt.

The Court finds this approach is in keeping with the policy underlying the exemption, to wit, providing the family of the insured with a sum of money that could not be touched by creditors. The statute here, much like the statute considered by Chief Judge McFeeley's, is not a model of clarity. However, it is not the function of the Court to rewrite a statute. The Court finds that the statute must be given its plain meaning. Here, § 42-10-5 exempts the proceeds of life insurance from the decedent's debts. The debt was undisputedly incurred prior to decedent's death by the marital community. The exemption provided by § 42-10-5 should have been applied. The Bankruptcy Court erred by not doing this. If the state legislature intended otherwise, it would have done so. It is the province of the legislature, and not the courts, to clarify the scope of the exemption. Indeed, as the court in *Vaughn v. State of New Mexico Taxation and Revenue Dept.*, 98 NM 362, 648 P.2d 820 (Ct. App. 1982), observed:

> The court must determine if there is ambiguity on the face of the statute. If there is no ambiguity, the Court is prohibited from construing the legislative intent. The legislative intent is to be determined by the language of the act.
>
> [T]he court must give effect to the language of the statute as it is written. If there is no ambiguity, the court may not assume a desired legislative intent regardless of the soundness of such a construction.
>
> A statute must be read and given effect as it is written by the legislature, not as the court may think it should be or would have been written if the legislature had envisaged all the problems and complications which might arise in the course of its administration . . . . Courts must take the act as they find it and construe it according to the plain meaning of the language employed.(citations omitted).

*Vaughn*, 98 N.M. at 364-365, 648 P.2d at 822-823.

Here, the statute makes clear that death proceeds are not subject to the debts of the deceased. While Sharon Calder identified correctly the debt as her own, it is undisputed that it was a community debt. Upon the death of her spouse, the debt was now owed by the spouse and the estate of the decedent. Therefore, forcing the surviving spouse/beneficiary to pay the debt is actually using it to pay the estate's debts, which is clearly forbidden by § 42-10-5. This is contrary to the clear meaning of the statute. Accordingly, the decision of the Bankruptcy Court is contrary to law and should be reversed.

## **Recommended Disposition**

That the decision of the Bankruptcy Court be reversed and that the debtor be allowed to use the exemption.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Dorsett C. Bennett, II, Esq.

ATTORNEY FOR DEFENDANT:
Joe Parker, Esq.

ATTORNEY FOR TRUSTEE:
Theresa W. Parrish, Esq.